IN THE DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| ADAM D. FERGUSON and<br>REGINA T. FERGUSON,<br><br>    Petitioners,<br><br>vs.<br><br>DIRECTOR, DEPARTMENT OF REVENUE<br>AND TAXATION.<br><br>    Respondent. | CIVIL CASE NO. 17-00119<br><br>**REPORT & RECOMMENDATION**<br>to Deny Petitioners' Motion for Summary<br>Judgment and to Grant Respondent's<br>Motion for Summary Judgment |

On September 21, 2018, the court heard Petitioners' Motion for Summary Judgment, filed herein on July 19, 2018, as well as Respondent's Motion for Summary Judgment, filed herein on July 31, 2018. *See* Min., ECF No. 28.

At the conclusion of the hearing, the court inquired whether the parties had any objections to the court receiving a copy of Petitioners' 2013 income tax return. There being no objections, the court requested Respondent's counsel to submit within two weeks to the court for in camera inspection a copy of Petitioners' said tax return, including all schedules filed with the said income tax return. The court also requested a declaration from a Department of Revenue and Taxation agent whether Petitioners were given a tax credit for the $7,383.22 that was withheld from Petitioner Adam Ferguson's salary as part of the income tax imposed by the Northern Mariana Territorial Income Tax.

On October 5, 2018, Respondent filed a Declaration from its Revenue Agent, Amy Leon Guerrero, which included as an attachment to the Declaration a copy of Petitioners' 1040 U.S.

Individual Income Tax Return for the year 2013. *See* Decl. Amy Leon Guerrero, ECF No. 29.

On October 16, 2018, Respondents filed a Response to the Declaration of Amy Leon Guerrero. *See* Pet'rs' Resp., ECF No. 33.

After having reviewed the memoranda in support of the motions filed herein, the respective oppositions to the said motions and the replies thereto, and having considered the arguments by the parties, including the post-hearing submissions, the court hereby issues its decision in this Report and Recommendation.

## BACKGROUND

Petitioners were residents of Guam in 2013 and thus filed their 1040 U.S. Individual Income Tax Return for the year 2013 with Guam's Department of Revenue and Taxation (hereinafter "DRT"). Resp't's Concise Stmnt Material Facts at ¶1, ECF No. 18.

On July 31, 2017, DRT issued a Notice of Deficiency to Petitioners alleging a deficiency (increase) of $10,136 in their tax liability based upon its review of Petitioners' 2013 income tax return. Pet. at ¶¶3-4 and Ex. A thereto, ECF No. 1, and Answer at ¶2, ECF No. 6.

While Petitioners filed their tax return for 2013 in Guam, Petitioner Adam Ferguson had income from employment with a company based in the Commonwealth of the Northern Mariana Islands ("CNMI"). Mem. P. & A. Supp. Pet'rs' Mot. Summ. J. at 2 and Ex. B[1] thereto, ECF No. 15. A percentage of Mr. Ferguson's salary was withheld by his CNMI employer for payment of two CNMI taxes. *Id.* His employer withheld $7,383.22 for: (1) an income tax imposed by the Northern Mariana Territorial Income Tax (NMIT) and $13,500.00 was withheld for: (2) a tax denominated a "Wage and Salary Tax" imposed under a different law. *Id.*

When Petitioners filed their income tax return, they claimed the $13,500 CNMI Wage and Salary Tax as a foreign tax credit to their total tax amount liability. Mem. P. & A. Supp. Pet'rs' Mot. Summ. J. at 2 and Ex. F[2] thereto, ECF No. 15. *See also* Decl. Amy Leon Guerrero at ¶8, ECF

---

[1] Exhibit B is Copy B of Petitioner Adam Ferguson's Form W-2CM Wage and Tax Statement for tax year 2013.

[2] Exhibit F is the Petitioners' Form 1116 Foreign Tax Credit for tax year 2013.

No. 29. When DRT reviewed Petitioners' tax return, it disallowed the foreign tax credit claimed by Petitioners and determined that the amount was more properly a deduction under Schedule A for state and local taxes paid rather than a foreign tax credit. *Id.* at ¶10. *See also* Notice of Deficiency, Ex. A to Pet., ECF No. 1. Having made said adjustment, petitioners were assessed a deficiency in the amount of $10,136, and thus, Petitioners were required to pay an additional $10,136 in income taxes. *Id.*

On October 20, 2017, Petitioners filed their Petition in this court disputing the assessment made against them by DRT.

## LEGAL STANDARD

Petitioners move for summary judgment arguing that there is no genuine issue as to any material fact herein and that they are entitled to judgment as a matter of law. It appears that Respondent also believes there are no issues of material fact herein as Respondent likewise has moved for summary judgment.

Pursuant to Rule 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The standard governing a cross motion for summary judgment is the same as the standard governing motions for summary judgment, and the court must consider each motion on its own merits. *See Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

## DISCUSSION

Petitioners argue that the CNMI Wage and Salary Tax is a foreign tax credit for which they are entitled to receive a credit allowance. They cite the court to Internal Revenue Code § 901(b)(1) which authorizes citizens of the United States to receive a tax credit for any income taxes paid "to any foreign country or to any possession of the United States." "The term 'possession of the United

States' includes Puerto Rico, the Virgin Islands, Guam, the Commonwealth of the Northern Mariana Islands, and American Samoa." 26 C.F.R. § 1.901-2(g)(2).

In determining whether the CNMI Wage and Salary Tax qualifies as foreign tax credit which Petitioners can avail themselves to as a credit allowance, it becomes necessary to analyze the nature of the taxes imposed by the CNMI government and its enabling authority.

The Covenant to Establish a Commonwealth (the "Covenant") entered into between the Northern Mariana Islands and the United States gives the CNMI government the authority to levy taxes in Article VI, which deals with "Revenue and Taxation."

Section 601 of Article VI of the Covenant provides:

> (a) The income tax laws in force in the United States will come into force in the Northern Mariana Islands as a local territorial income tax . . . in the same manner as those laws are in force in Guam.
>
> (b) Any individual who is a citizen or resident of the United States, of Guam, or of the Northern Mariana Islands . . . will file only one income tax return with respect to his income, in a manner similar to the provisions of Section 935 of Title 26 United States Code.
>
> (c) References to the Internal Revenue Code to Guam will be deemed also to refer to the Northern Mariana Islands, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof or of this Covenant.

Section 602 of Article VI of the Covenant provides:

> The Government of the Northern Mariana Islands may by local law impose such taxes, in addition to those imposed under Section 601, as it deems appropriate and provide for the rebate of any taxes received by it, except that the power of the government of the Northern Mariana Islands to rebate collections of the local territorial income tax received by it will be limited to taxes on income derived from sources within the Northern Mariana islands.

Pursuant to its authority under Section 602 of Article VI, the CNMI government enacted a "Wage and Salary Tax." This law is embodied in Title 4 of the Commonwealth Code below:

> TITLE 4: ECONOMIC RESOURCES
> DIVISION 1: REVENUE AND TAXATION
>
> §1201. Wage and Salary Tax.
> There is imposed on every employee a yearly tax on the employee's total wages and salaries
>
> §1204. Amount of Tax.
> The amount of tax imposed by 4 CMC . . . §1201 . . . shall be determined in accordance with the following schedule:

| If the total yearly wages or total yearly earnings are: | The tax on the total yearly wages and salaries or total yearly earnings is: |
|---|---|
| (a) $0 to $1,000 | No tax. |
| (b) $1,001 to $5,000 | Two percent of the amount over $0. |
| (c) $5,001 to $7,000 | Three percent of the amount over $0. |
| (d) $7,001 to $15,000 | Four percent of the amount over $0. |
| (e) $15,001 to $22,000 | Five percent of the amount over $0. |
| (f) $22,001 to $30,000 | Six percent of the amount over $0. |
| (g) $30,001 to $40,000 | Seven percent of the amount over $0. |
| (h) $40,001 to $50,000 | Eight percent of the amount over $0. |
| (i) Over $50,000 | Nine percent of the amount over $0. |

§1206. Nonrefundable Credit.
A person may take the tax imposed on wages and salaries . . . under this chapter as a nonrefundable credit against the tax imposed on Commonwealth source income under Subtitle A of the NMTIT pursuant to chapter 7 of this division [4 CMC § 1701 *et seq*.]. No such credit shall be allowed for any amount deducted in determining taxable income under the NMTIT as shown on the taxpayer's return.

The CNMI's Wage and Salary Tax is appropriately a Foreign Tax Credit if it meets the requirements of 26 CFR § 1.901-2(a). That regulation, in pertinent part, provides:

§ 1.901-2. Income, war profits, or excess profits tax paid or accrued.
(a) Definition of income, war profits, or excess profits tax –
   (1) In general. Section 901 allows a credit for the amount of income . . . tax . . . paid to any foreign country. Whether a foreign levy is an income tax is determined independently for each separate foreign levy. A foreign levy is an income tax if and only if –
      (i) It is a tax, and
      (ii) The predominant character of that tax is that of an income tax in the U.S. sense. . . .
. . .
   (3) Predominant character. The predominant character of a foreign tax is that of an income tax in the U.S. sense –
      (i) If, within the meaning of paragraph (b)(1) of this section, the foreign tax is likely to reach net gain in the normal circumstances in which it applies,
      (ii) But only to the extent that liability for the tax is not dependent, within the meaning of paragraph (c) of this section, by its terms or otherwise, on the availability of a credit for the tax against income tax liability to another country.
(b) Net Gain –
   (1) In general. A foreign tax is likely to reach net gain in the normal circumstances in which it applies if and only if the tax, judged on the basis of its predominant character, satisfies each of the realization, gross receipts, and net income requirements set forth in paragraphs (b)(2), (b)(3) and (b)(4), respectively of this section.
. . .
   (4) Net income – (i) In general. A foreign tax satisfies the net income requirement if, judged on the basis of its predominant character, the base of the tax is computed by reducing gross receipts (including gross receipts as computed under paragraph (b)(3)(i)(B) of this section) to permit –

    > (A) Recovery of the significant costs and expenses (including significant capital expenditures) attributable, under reasonable principles, to such gross receipts; . . .

In their Memorandum in Support of Petitioners' Motion for Summary Judgment, Petitioners state that the CNMI government imposes an annual tax on all wages sourced "within the CNMI at graduated rates of 0-9%. The tax for the $150,000 income was 9%, or $13,500. This tax . . . is different and separate from the Northern Marianas Territorial Tax (NMTIT), . . . which is equivalent to federal income tax" and it is also the same as the Guam Territorial Income Tax (GTIT).[3] Petitioners included the $13,500 as a credit on their Guam 1040 tax return using IRS Form 1116 as per the instructions therein. Respondent adjusted Petitioners' return and reclassified the $13,500 credit as an itemized deduction. The adjustment by Respondent of the credit filing to an itemized deduction resulted in an additional tax liability of $10,136 on the part of Petitioners.[4]

Petitioners argue that the CNMI Wage and Salary Tax qualifies as a foreign tax credit because:

1. The CNMI Wage and Salary Tax was a tax imposed upon them by the CNMI government;
2. The CNMI Wage and Salary Tax was a tax they paid to the CNMI government;
3. The CNMI Wage and Salary Tax paid was a legal and actual foreign liability; and
4. The CNMI Wage and Salary Tax paid was an income tax imposed by the CNMI government.

In determining whether the CNMI Wage and Salary Tax is properly a foreign tax credit, the court must ascertain the nature of the tax. The CNMI Wage and Salary Tax qualifies as a foreign tax credit if the predominant character of that tax is that of an income tax in the U.S. sense. It is an income tax in the U.S. sense if it is "likely to reach net gain in the normal circumstances in which it is applied." 26 C.F.R. § 1.901-2(a)(3)(i). It is likely to reach net gain "if and only if the tax, judged on the basis of its predominant character, satisfies each of the realization, gross receipts, and net income requirements set forth in paragraphs (b)(2), (b)(3) and (b)(4)" of §1.901-2(b). 26 C.F.R.

---

[3] Mem. P. & A. Supp. Pet'rs' Mot. Summ. J. at 2, ECF No. 15 (italicized text removed).

[4] *Id.*

§ 1.901-2(b)(1). In order for the net gain requirement to be satisfied, the tax must allow for the recovery of costs and expenses which are derived from or attributable to the gross income. *See* 26 C.F.R. § 1.901-2(b)(4).

In reviewing the CNMI Wage and Salary Tax, it does not appear that it is a tax that is predominantly an income tax in the U.S. sense because the tax does not reach net gain as defined in the federal regulation. The CNMI Wage and Salary Tax does not allow for recovery of costs and expenses attributable to the gross income. With respect to Petitioner Adam Ferguson's CNMI-sourced salary of $150,000, a tax is levied upon the entire gross amount without allowance of costs or expenses. That this is the case is evident under 4 N. MAR. I. CODE § 1204(i) because Petitioner's salary is taxed on the gross amount of $150,000 at 9% since it is above $50,000, or the amount of $13,500. Furthermore, 4 N. MAR. I. CODE § 1206 allows Petitioner to take a nonrefundable credit for the amount of the said Wage and Salary Tax from Petitioner's income tax liability under the NMTIT.

In its reply memorandum, Respondent points out that the federal regulation (§ 1.901-2(b)(4)(i)) notes that it is a rare occasion where a tax on the gross income reaches net gain because: (1) "costs and expenses will almost never be so high as to offset gross receipts or gross income," and (2) "the rate of the tax is such that after the tax is paid persons subject to the tax are almost certain to have net gain." Resp't's Reply to Opp'n to Resp't's Mot. Summ. J. at 5-6, ECF No. 25.

It does not appear from Petitioners' tax return that their costs and expenses in relation to the CNMI-sourced income were so high as to exceed or offset their gross income. Nor does it show that they failed to realize net gain after paying the CNMI Wage and Salary Tax.

The court also finds that CNMI Wage and Salary Tax is not an income tax in the U.S. sense because there are no provisions within said CNMI Wage and Salary Tax scheme that allows the taxpayer to deduct from the gross amount such deduction that are based upon the taxpayer's expenses and costs in relation to the said income. Said deduction provisions are provisions that are contained within the mirror-code provisions of the Internal Revenue Code which gives the Internal Revenue Code its character as an income tax.

As an example, the mirror-code provisions of the Internal Revenue Code allow a taxpayer to

deduct from his/her gross income among other things the following expenses: education expenses, moving expenses, student loan interest, IRA deductions, alimony paid, and other expenses that adjust a taxpayer's gross income.

Similarly, the mirror-code provisions of the Internal Revenue Code allow a taxpayer to itemize deductions from his/her income. These itemized deductions from the gross income may include health insurance premiums, which exceed a certain percentage of the taxpayer's gross income, real property taxes paid, and mortgage interest.

As noted above, the presence of such provisions which allow deductions from gross income within the mirror-code provisions of the Internal Revenue Code give the Code its character as a true income tax law. The absence of such provisions in the CNMI Wage and Salary Tax law requires a conclusion that said tax is not an income tax in the U.S. sense.

In further support of its conclusion herein, the court also notes that the CNMI government can only have one income tax law in relation to its ability to impose an income tax on its residents or those who work within the CNMI. The CNMI government's authority to impose such an income tax is derived solely from Section 601 of Article VI of the Covenant which provides that "[t]he income tax laws in force in the United States will come into force in the Northern Mariana Islands as a local territorial income tax . . . in the same manner as those laws are in force in Guam."

The CNMI Wage and Salary Tax is a tax which does not derive from the local territorial income tax law (Section 601) but rather from the CNMI government's authority to impose taxes (Section 602) in addition to income taxes imposed under Section 601 of the Covenant.

The Congressional Research Service Report dated October 7, 2016 (the "CRS Report"), titled "Tax Policy and U.S. Territories: Overview and Issues for Congress" notes that the Internal Revenue Code serves as the local tax law in the territories required to use a mirror-code system, these being the U.S. Virgin Islands, Guam, and the CNMI. Sean Lowry, Congressional Research Service, Tax Policy and U.S. Territories: Overview and Issues for Congress R44651 at 2 (2016). This means that the said territories must use the Internal Revenue Code as their territorial income tax law.

The CRS Report further points out that Guam and the CNMI, while mirror-code

jurisdictions, are authorized under Section 1271 of the Tax Reform Act of 1986 ("TRA86") to delink from the Internal Revenue Code if certain conditions are met. *Id.* At 3. Both jurisdictions would need to "(1) enact a new, nondiscriminatory local tax system to replace the [Internal Revenue Code] . . .; and (2) enter into an implementing agreement with the United States to address issues relating to tax administration." *Id.* The CNMI has not entered into an implementing agreement with the United States.

The CRS Report further pointed out that the U.S. Virgin Islands did not receive authority under TRA86 to delink, but it was given the authority "to enact nondiscriminatory local income taxes in addition to those mirrored in the Internal Revenue Code." *Id.* at 4.

From the CRS Report, it can be concluded that the CNMI government's ability to levy or impose income tax laws or provisions can only emanate from those provisions which are clearly within the Internal Revenue Code. Unlike the U.S. Virgin Islands, it has no authority to impose an additional local income tax unless it delinks from the current Internal Revenue Code and enters into an implementing agreement with the United States to address issues relating to its tax administration.

Thus, the CNMI Wage and Salary Tax cannot be said to be a local income tax because the CNMI government's authority to impose a local income tax is limited to and governed by the mirror-code provisions of the Internal Revenue Code. The CNMI Wage and Salary Tax does not originate from the mirror-code provisions of the Internal Revenue code. It is a local tax imposed by the CNMI government in addition to the income taxes imposed under Section 601.

Thus, the court concludes that Respondent properly adjusted Petitioners' tax return and reclassified the credit for the $13,500 CNMI Wage and Salary Tax as an itemized deduction rather than a credit for income taxes paid.

///
///
///
///
///

*Adam D. Ferguson and Regina T. Ferguson v. Director, Department of Revenue and Taxation*, Civil Case No. 17-00119
Report & Recommendation re Motions for Summary Judgment
page 10 of 10

# RECOMMENDATIONS

IT THEREFORE IS RECOMMENDED that the District Court issue an order as follows:

1. Denying Petitioners' Motion for Summary Judgment and granting Respondent's Motion for Summary Judgment; and

2. Finding that the CNMI Wage and Salary Tax imposed upon Petitioners does not qualify as Foreign Tax Credit for the reasons discussed above.

It is so recommended.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: Jan 30, 2019**

# NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**